IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| | ) Case No.: |
| BURLING BUILDERS, INC. and LINDA WANTUCH AND FIRST MIDWEST BANK, AS CO-INDEPENDENT EXECUTORS FOR THE ESTATE OF RONALD WANTUCH, | )<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff First Mercury Insurance Company ("First Mercury"), by its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants Burling Builders, Inc. ("Burling Builders") and Linda Wantuch and First Midwest Bank, as co-independent executors for the Estate of Ronald Wantuch (collectively, the "Estate"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 *et seq.* and Fed. R. Civ. Pro. 57, seeking a determination as to the rights and obligations of the parties under an insurance policy issued by First Mercury.

2. First Mercury seeks a declaration that it does not owe a duty to defend or indemnify Burling Builders with respect to certain alleged liabilities arising out of an underlying wrongful death action filed by the Estate.

## PARTIES

3. Plaintiff First Mercury Insurance Company ("First Mercury") is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of

1

business in Morristown, New Jersey. At all relevant times, First Mercury was authorized to conduct business in the State of Illinois.

4. Defendant Burling Builders is a corporation duly organized and existing under the laws of the State of Illinois with a principal place of business in Chicago, Illinois.

5. Defendants Linda Wantuch and First Midwest Bank are co-independent executors for the Estate of Ronald Wantuch (collectively, the "Estate").

6. Ronald Wantuch was a resident of the State of Illinois.

7. The Estate is named as a party defendant in this case because a declaratory judgment in this action may affect the Estate's rights and obligations. No relief is being sought against the Estate.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Burling Builders resides in this District and a substantial part of the events or omissions giving rise to Burling Builders' claim for coverage occurred in this District.

## THE UNDERLYING ACTION

10. On or about January 4, 2021, the Estate filed a lawsuit against Burling Builders captioned *Linda Wantuch and First Midwest Bank, as Co-Independent Executors for the Estate of Ronald Wantuch v. Burling Builders, Inc.*, Case No. 2021-L-000061 in the Circuit Court of Cook County, Illinois (the "Underlying Action"). A copy of the Complaint filed in the Underlying Action is attached as Exhibit A.

11. On or about April 26, 2021, the Estate filed an Amended Complaint in the Underlying Action and it is now the operative pleading. A copy of the Amended Complaint filed in the Underlying Action is attached as Exhibit B.

12. The Underlying Amended Complaint alleges that Burling Builders, as general contractor, owned or was in charge of the construction and remodeling of a certain building or other structure at the property located at 7400 N. Oak Park Avenue, Niles, Illinois (the "Property"). *See* Exhibit B at ¶ 17.

13. The Underlying Amended Complaint alleges that said building or other structure was occupied by Great Lakes Coca-Cola Distribution, LLC d/b/a Great Lakes Coca Cola Bottling ("Great Lakes") and its employees, including Ronald Wantuch (the "Decedent"). *See* Exhibit B at ¶¶ 18-19.

14. The Underlying Amended Complaint alleges that Burling Builders' employees were ordered to perform construction work at said building or other structure during the onset of the COVID-19 pandemic and that they were not required to quarantine, test for COVID-19 or have their temperatures checked before entering the Property. *See* Exhibit B at ¶ 20.

15. The Underlying Amended Complaint alleges that Burling Builders did not mandate or enforce the wearing of appropriate personal protective equipment ("PPE") by its employees, such as face masks and gloves, while inside the Property when it knew or should have known that the wearing of PPE was required for the safety of its employees and employees of Great Lakes. *See* Exhibit B at ¶ 21.

16. The Underlying Amended Complaint alleges that at some time prior to April 10, 2020, the Decedent was in direct contact and close proximity with workers employed by Burling Builders and in shared common areas at the Property. *See* Exhibit B at ¶ 22.

17. The Underlying Amended Complaint alleges that the Decedent contracted COVID-19 at the Property on or about April 10, 2020. *See* Exhibit B at ¶ 32.

18. The Underlying Amended Complaint alleges that the Decedent went home from work feeling ill on or about April 10, 2020, was hospitalized on April 16, 2020 and subsequently died due to complications from COVID-19 on May 9, 2020. *See* Exhibit B at ¶¶ 23; 32.

19. The Underlying Amended Complaint alleges that it was Burling Builders' duty to keep the worksite at the Property in a safe and healthy environment and to protect its employees and the employees of Great Lakes from contracting COVID-19, which it failed to do. *See* Exhibit B at ¶¶ 26-27.

20. The Underlying Amended Complaint asserts causes of action against Burling Builders for negligence (wrongful death) and negligence (survival). *See* Exhibit B.

21. The Underlying Amended Complaint does not allege that the Decedent's illness or death were caused, in whole or in part, by the acts or omissions of American Steel or those acting on American Steel's behalf in the performance of American Steel's operations. *See* Exhibit B.

22. The Underlying Amended Complaint does not name American Steel as a defendant. *See* Exhibit B.

23. The Underlying Amended Complaint does not assert any allegations regarding American Steel or work performed by American Steel at the Property. *See* Exhibit B.

## THE POLICY

24. First Mercury Insurance Company issued general liability policy number IL-CGL-0000043425-06 to American Steel Fabricators, Inc. as the Named Insured for the period of May 20, 2019 to May 20, 2020 (the "Policy"). A true and accurate copy of the Policy is attached as Exhibit C and bates labeled FMIC 00001 – FMIC 00074.

25. The Policy's Commercial General Liability Coverage Form provides, in pertinent part, as follows:

> \* \* \*
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.
>
> \* \* \*

*See* Exhibit C at FMIC 00006.

26. Coverage A of the Policy's Commercial General Liability Coverage Form provides, in pertinent part, as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**
>
> **1. Insuring Agreement**
>
> > a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or 'suit' that may result.
>
> \* \* \*
>
> > c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."
>
> \* \* \*

*See* Exhibit C at FMIC 00006.

27. The Policy's Commercial General Liability Coverage Form contains, in pertinent part, the following definitions:

> **SECTION V – DEFINITIONS**
>
> \* \* \*
>
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> \* \* \*
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

5

\* \* \*

**16.** "Products-completed operations hazard":

   **a.** Includes all "bodily injury" . . . occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   **(1)** Products that are still in your physical possession; or

   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   **(a)** When all of the work called for in your contract has been completed.

   **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\* \* \*

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury" . . . to which this insurance applies are alleged . . .

\* \* \*

**22.** "Your work":

   **a.** Means:

   **(1)** Work or operations performed by you or on your behalf; and

   **(2)** Materials, parts or equipment furnished in connection with such work or operations.

   **b.** Includes:

   **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

   **(2)** The providing of or failure to provide warnings or instructions.

*See* Exhibit C at FMIC 00018 - FMIC 00021.

28. The Policy contains an "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization" Endorsement (form CG 20 10 04 13), which modifies the Commercial General Liability Coverage Part, in pertinent part, as follows:

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| Any Person Or Organization You Have Agreed In A Written Contract To Add As An Additional Insured On Your Policy Provided The Written Contract Is Executed Prior To The "Bodily Injury" . . . | Locations and operations covered under this policy when required by written contract executed prior to the "bodily injury" . . . |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" . . . caused, in whole or in part, by:

  **1.** Your acts or omissions; or

  **2.** The acts or omissions of those acting on your behalf;

  in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

* * *

*See* Exhibit C at FMIC 00030 - FMIC 00031.

29. The Policy contains an "Additional Insured – Designated Person or Organization" Endorsement (form CG 20 26 04 13), which modifies the Commercial General Liability Coverage Part, in pertinent part, as follows:

**SCHEDULE**

| **Name Of Additional Insured Person(s) Or Organization(s):** |
|---|
| Any person or organization you have agreed in a written contract to add as an additional insured on your policy provided the written contract is executed prior to the "bodily injury" . . . |

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" . . . caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

    **1.** In the performance of your ongoing operations; or

    **2.** In connection with your premises owned by or rented to you.

\* \* \*

*See* Exhibit C at FMIC 00033.

30. The Policy contains an "Additional Insured – Owners, Lessees or Contractors – Completed Operations" Endorsement (form CG 20 37 04 13), which modifies the Commercial General Liability Coverage Part, in pertinent part, as follows:

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location And Description Of Covered Operations |
|---|---|
| As required by written contract executed prior to the "bodily injury" . . . | Any location where "your work" is performed, but only with respect to completed operations covered under this policy for "Commercial Construction".<br><br>'Commercial Construction" means all construction activity that is not 'Residential Construction" . . . |

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" . . . caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

\* \* \*

*See* Exhibit C at FMIC 00034.

## COUNT I
## DECLARATORY JUDGMENT

31. First Mercury restates and realleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32. There is an actual legal controversy with regard to the parties' rights and obligations under the Policy.

33. First Mercury contends that it has no obligation to defend or indemnify Burling Builders against the allegations set forth in the Underlying Action.

34. The Policy's "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization" Endorsement affords additional insured status to any person or organization that American Steel has agreed in a written contract to add as an additional insured on the Policy provided the written contract is executed prior to the "bodily injury", but only with respect to liability for "bodily injury" caused, in whole or in part, by the acts or omissions of American Steel or those acting on American Steel's behalf in the performance of American Steel's ongoing operations for the additional insured(s) at the scheduled location(s).

35. The Policy's "Additional Insured – Designated Person or Organization" Endorsement affords additional insured status to any person or organization that American Steel has agreed in a written contract to add as an additional insured on the Policy provided the written contract is executed prior to the "bodily injury," but only with respect to liability for "bodily injury" caused, in whole or in part, by the acts or omissions of American Steel or those acting on American Steel's behalf in the performance of American Steel's ongoing operations or in connection with premises owned by or rented to American Steel.

36. The Policy's "Additional Insured – Owners, Lessees or Contractors – Completed Operations" Endorsement affords additional insured status to any person or organization as required by written contract executed prior to the "bodily injury", but only with respect to liability for "bodily injury" caused, in whole or in part, by "your work" at the scheduled location performed for that additional insured and included in the "products-completed operations hazard".

37. The Policy defines "your work" to mean work or operations performed by or on behalf of American Steel.

38. The Policy defines "products-completed operations hazard" to include all "bodily injury" occurring away from premises American Steel owns or rents and arising out of "your work" except work that has not yet been completed or abandoned.

39. The Underlying Amended Complaint does not allege that the Decedent's illness or death were caused, in whole or in part, by the acts or omissions of American Steel or those acting on American Steel's behalf in the performance of American Steel's work or operations.

40. As such, Burling Builders does not qualify as an additional insured under the Policy and First Mercury has no duty to defend or indemnify Burling Builders with respect to the Underlying Action.

WHEREFORE, Plaintiff First Mercury Insurance Company respectfully requests that this Court enter an Order granting the following relief:

1. Declaring the respective rights and obligations of the parties under the Policy at issue;

2. Declaring that First Mercury Insurance Company has no duty to defend Burling Builders, Inc. with respect to the claims asserted against Burling Builders, Inc. in the Underlying Action.

3. Declaring that First Mercury Insurance Company has no duty to indemnify Burling Builders, Inc. with respect to the claims asserted against Burling Builders, Inc. in the Underlying Action.

4. Awarding any and all other relief that this Court deems appropriate.

Respectfully Submitted,

FIRST MERCURY INSURANCE COMPANY

Dated: July 13, 2021   By:   s/ Bevin Carroll
Benjamin A. Blume (#6200914)
Bevin Carroll (#6308716)
KENNEDYS CMK LLP
100 North Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Phone: (312) 800-5000
Fax: (312) 207-2110
Benjamin.Blume_@Kennedyslaw.com
Bevin.Carroll@Kennedyslaw.com